IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

PAUL A. VALVERDE,

               Petitioner,

    vs.

ROB JEFFREYS,

               Respondent.

**8:25CV634**

**MEMORANDUM AND ORDER**

This matter is before the Court on Petitioner's Motion for Continuance, Filing No. 13, Motion for Appointment of Counsel, Filing No. 14, and a Motion for Status, Filing No. 15. Upon consideration, Petitioner's Motion for Status is granted and this Memorandum and Order will serve to advise Petitioner of the status of this case and his other pending motions. For the reasons that follow, the Court will grant Petitioner an extension of time to file his brief in opposition to Respondent's summary judgment motion and will deny his request for appointment of counsel.

On April 22, 2026, Petitioner filed his Motion for Continuance asking the Court for a sixty-day extension for the purpose of seeking counsel to assist Petitioner in these habeas proceedings. Filing No. 13. Petitioner simultaneously filed his Motion for Appointment of Counsel and asked the Court to appoint counsel to represent him because Petitioner lacks legal knowledge and "is incapable to litigate said case." Filing No. 14.

"[T]here is neither a constitutional nor statutory right to counsel in habeas proceedings; instead, [appointment] is committed to the discretion of the trial court." *McCall v. Benson*, 114 F.3d 754, 756 (8th Cir. 1997). As a general rule, counsel will not

be appointed unless the case is unusually complex or the petitioner's ability to investigate and articulate the claims is unusually impaired or an evidentiary hearing is required. *See, e.g.*, *Wiseman v. Wachendorf*, 984 F.3d 649, 655 (8th Cir. 2021); *Morris v. Dormire*, 217 F.3d 556, 558–59 (8th Cir. 2000), *cert. denied*, 531 U.S. 984 (2000); *Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994). *See also* Rule 8(c) of the *Rules Governing Section 2254 Cases in the United States District Courts* (requiring appointment of counsel if an evidentiary hearing is warranted).

After careful review of the record, the Court finds there is no need for the appointment of counsel at this early stage in the proceedings as the only issue presently under consideration is the timeliness of Petitioner's habeas petition and Petitioner has demonstrated his ability to present his claims and requests for relief in appropriate, clearly written pleadings. The Court is, however, aware that this situation may change as litigation progresses. As the Eighth Circuit Court of Appeals instructs, the Court will "continue to be alert to the possibility that, because of procedural complexities or other reasons, later developments in the case may show either that counsel should be appointed, or that strict procedural requirements should, in fairness, be relaxed to some degree." *Williams v. Carter*, 10 F.3d 563, 567 (8th Cir. 1993).

While the Court will deny Petitioner's request for counsel, the Court will grant Petitioner's Motion for Continuance to the extent that Petitioner shall have 60 days from the date of this Memorandum and Order to file and serve his brief in opposition to Respondent's summary judgment motion, Filing No. 9. The Court notes that Petitioner filed a document captioned "Responding to the States Time Barred/Actual Innocence" on May 12, 2026, Filing No. 16, but the document appears to merely be Petitioner's

2

response to Respondent's statement of undisputed material facts as it consists only of dates and events related to Petitioner's state court proceedings. Thus, as Petitioner has not filed a brief containing his arguments in response to Respondent's motion and in support of the actual innocence exception to the statute of limitations procedural bar, which Petitioner raised in his petition, *see* Filing No. 1 at 21, the Court finds an extension of time for Petitioner to file a brief is appropriate.

IT IS THEREFORE ORDERED that:

1.      Petitioner's Motion for Status, Filing No. 15, is granted consistent with this Memorandum and Order.

2.      Petitioner's Motion for Appointment of Counsel, Filing No. 14, is denied without prejudice to reassertion.

3.      Petitioner's Motion for Continuance, Filing No. 13, is granted to the extent that Petitioner shall have until **July 14, 2026**, to file and serve his brief in opposition to Respondent's summary judgment motion. Given the length of the extension, no further extensions shall be granted absent a showing of good cause.

4.      The Clerk of Court is directed to set a pro se case management deadline using the following text: **July 14, 2026**: deadline for Petitioner's brief.

Dated this 15th day of May, 2026.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge